# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**VICTOR BELILLA,**

    **Plaintiff,**

vs.                                                   **Case No. 4:24cv202-AW-MAF**

**WILLIAM C. PLANTE,**
**WENDY V. ARAGON,**
**and NATALIA AZIDE,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil case by submitting a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Both documents were reviewed and found to be insufficient to proceed. An Order was entered on May 13, 2024, explaining the numerous deficiencies which Plaintiff must correct, and giving him until **June 13, 2024**, to do so. ECF No. 4. Plaintiff's deadline to comply with that Order was **June 13, 2024**. *Id.*

As of this date, no response to that Order has been received. Plaintiff was advised that if he conceded that venue was not appropriate in

this Court or if jurisdiction was lacking, he should file a notice of voluntary dismissal by the same deadline. ECF No. 4 at 5. Nothing further has been received from Plaintiff and it appears that Plaintiff has abandoned this litigation. Thus, because Plaintiff has not complied with an Order of this Court, this case should be dismissed without prejudice.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1. It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here, Plaintiff was informed that this case

Case No. 4:24cv202-AW-MAF

appeared to be improperly filed in this Court. Based on the guidance given in the prior Order, ECF No. 4, it appears that Plaintiff has decided not to pursue his case at this time, or at least in this Court. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**